UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 14-23936-CIV-MORENO

RYM ZOUAI,

    Plaintiff,

vs.

CELIA EVANS, an individual d/b/a SEA STAR
FILMS,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff is moving for summary judgment on her Fair Labor Standards Act claims. She requests the Court find she was an employee as a matter of law and entitled to overtime compensation. Having reviewed the record provided by the Plaintiff in this case, the Court finds there are issues of material fact as to whether Plaintiff was an employee and as to whether there is individual coverage under the Fair Labor Standards Act. Accordingly, the Court denies Plaintiff's Motion for Summary Judgment.

THIS CAUSE came before the Court upon the Plaintiff's Motion for Summary Judgment (**D.E. No. 31**), filed on **May 20, 2015**.

THE COURT has considered the motion, the response, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED.

## I. Background

Plaintiff's action is for unpaid overtime wages and retaliatory discharge under the Fair Labor Standards Act, 29 U.S.C. §§201-219. From January 2014 to July 2014, Plaintiff Rym Zouai claims she worked for Defendant Celia Evans, doing business as Sea Star Films. At issue in the Plaintiff's Motion for Summary Judgment is whether the Plaintiff is classified as an employee under the Act or whether she worked as an independent contractor. Plaintiff also requests the Court find individual coverage under FLSA and her entitlement to overtime compensation.

Plaintiff's work at Sea Star Films consisted of assisting Celia Evans, an executive producer, on different tasks. Plaintiff's Depo. at 5. She did administrative and clerical work including operating the coffee maker, emailing invitations, and sending out press releases. *Id.* at 7. She testified that she did not have any control over the budget while she was working there. *Id.* She worked on the launch of a website and was responsible for uploading material online and she helped produce a fashion show in July 2014. *Id.* at 9. Plaintiff testified that she was never told she was being hired as an independent contractor. *Id.* at 14.

In terms of her hours worked, Plaintiff testified that Celia Evans told her when to come in and when to leave. *Id.* at 29. Plaintiff also worked overtime hours, which was noted on some of her paychecks. *Id.* Plaintiff did not work from home, unless she requested to do so. *Id.* at 31. She used her own computer at times, and at times she used her own cellular phone. She was not reimbursed for cellular phone expenses. *Id.* Plaintiff and Celia Evans entered an oral agreement with respect to her hourly compensation of $11 an hour for her first three months and then it was $12 an hour. *Id.* at 32. Plaintiff claims that Defendant oversaw every aspect of her work and she had no control over how she completed her assignments. *Id.* at 34, 36.

In responding to Plaintiff's motion for summary judgment[1], Defendant asserts that Plaintiff worked for a restaurant simultaneously while doing freelance work for her. In addition, Defendant contends that Plaintiff had other freelance projects at the time she was allegedly an employee. Defendant's position is that Plaintiff was free to come and go as she pleased, complete tasks from home, and use her own computer and cellular telephone. Defendant's discovery responses indicate it maintained no time cards for Plaintiff. Exh. G, Plaintiff's Motion for Summary Judgment. Defendant also did not withhold monies from Plaintiff's paychecks. Her checks were for the hours worked multiplied by the hourly rate. *Id.* at 47.

## II. Legal Standard

Summary judgment is authorized where there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The party opposing the motion for summary judgment may not simply rest upon mere allegations or denials of the pleadings; the non-moving party must establish the essential elements of its case on which it will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The nonmovant must present more than a scintilla of evidence in support of the nonmovant's position. A jury must be able reasonably to find for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). In deciding a summary-judgment motion, the Court must view the facts in the light most favorable

---

[1] The Court notes that in responding to the Plaintiff's Motion for Summary Judgment, Defendant did not submit a Statement of Material Facts in opposition to the Motion for Summary Judgment as required by Local Rule 56.1. Defendant merely denies the allegations contained in the Plaintiff's Statement of Material Facts. Defendant refers to the deposition transcript of Celia Evans, but did not file a copy with the Court.

to the non-moving party and draw all reasonable inferences in that party's favor. *Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006).

## III. Legal Analysis

Plaintiff is seeking summary judgment requesting the Court find that she was a covered employee under the Fair Labor Standards Act entitled to overtime compensation. Defendant's position is that Plaintiff was an independent contractor, who provided freelance work to the Defendant. Plaintiff also requests the Court find individual coverage under FLSA and entitlement to overtime compensation.

### A. Employee vs. Independent Contractor

To prevail on her claim for a violation of FLSA's overtime pay requirements, the Plaintiff must prove the elements of (1) failure to pay overtime compensation, (2) to employees (3) covered under the FLSA. 29 U.S.C. § 207(a)(1). Summary judgment hinges on Plaintiff's status as an employee and not as an independent contractor as FLSA's overtime and minimum wage protections extend only to "employees," not independent contractors. *See Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311 (11th Cir. 2013).

FLSA defines an employee as an "individual employed by an employer" and the term "employ" means "to suffer or permit to work." 29 U.S.C. § 203(e)(1), (g). "An entity 'suffers or permits' an individual to work if, as a matter of economic reality, the individual is dependent on the entity." *Antenor v. D&S Farms*, 88 F.3d 925, 929 (11th Cir. 1996). The inquiry focuses on the level of economic dependence. *Scantland*, 721 F.3d at 1311-12. "Ultimately, in considering economic dependence, the court focuses on whether an individual is 'in business for himself' or is 'dependent upon finding employment in the business of others.'" *Id.* (quoting *Mednick v. Albert Enters., Inc.*,

508 F.2d 297, 301–02 (5th Cir.1975)).

Courts consider several factors, such as (1) degree of control, (2) opportunity for profit or loss, (3) investment in equipment or additional personnel required, (4) whether special skills are required, (5) duration of the working relationship, (6) the extent to which the service is integral to the alleged employer's business. *Id.* No single factor is determinative. *Id.* The Court must assess the facts relevant to these factors "through the lens of 'economic dependence' and whether they are more analogous to the 'usual path' of an employee or an independent contractor." *Id.*

### 1. Economic Dependence factors

*(1) Degree of Control*

Courts consider the nature and degree of the alleged employer's control as to the manner in which the work is to be performed. *Geter v. Galardi S. Enters., Inc.*, No. 14–21896–CIV, 2015 WL 2155721, at *4 (S.D. Fla. May 7, 2015); *Harrell v. Diamond A Entertainment, Inc.*, 992 F. Supp. 1343, 1348 (M.D. Fla. 1997). Plaintiff testified that she had little control over the performance of her tasks for Defendant. Plaintiff's Depo. at 34. She was initially hired for a probationary three-month period. *Id.* at 32-33. Plaintiff worked as Defendant Celia Evans' assistant for the most part performing clerical and administrative tasks. *See* Exh. D, Plaintiff's Motion for Summary Judgment (Email from Defendant: "Hi Will. Thanks for reaching out. Sounds good let's have a meeting. My assistant is copied here. Let us know a good day."). That Plaintiff was an assistant was also noted on the majority of Plaintiff's paychecks. *See* Exh. E, Plaintiff's Motion for Summary Judgment. Plaintiff also provides a series of emails from Defendant that give very clear directives to Plaintiff, including to turn the coffee pot off daily, to send out press releases, and to make phone calls. *See* Exh. H, Plaintiff's Motion for Summary Judgment. In another email, Defendant explained to

Plaintiff how she wanted Plaintiff to address potential participants in a reality show. *See* Exh. K, Plaintiff's Motion for Summary Judgment.[2] Plaintiff also testified that if Defendant asked her to print signs, Defendant would instruct her on what to write on the signs. Plaintiff's Depo. at 36.

All of these facts weigh in favor of a finding that Plaintiff was an employee as Defendant exercised control over her. *Scantland*, 721 F.3d at 1313 (finding that control was only significant when an individual exerts such control over a meaningful part of the business that the individual stands as a separate economic entity). Defendant does not provide any record evidence to rebut the exercise of control over Plaintiff. In responding to summary judgment, Defendant only generally argues that Plaintiff had control over the method and outcome of her tasks needed to complete Defendant's goals.

The only area there is controverted evidence is with respect to Plaintiff's hours. Plaintiff testifies that she was told when to come in and leave, however, Defendant's answers to interrogatories state that no time cards were kept and Plaintiff was free to come and go as she pleased and work from home. The Court does not find this rebuttal evidence sufficiently tips the control factor toward a finding that Plaintiff was an independent contractor. Rather, as a whole, the record reflects that Defendant exerted control over the manner that Plaintiff performed her work much like the "usual path of an employee."

---

[2] The email from Celia Evans to Plaintiff reads: "Just say Hi, I'm Rym calling from Sea Star Films Production Company and we are developing a reality show about wedding planners. Would you be interested in coming to our studio and being put on camera. The show would follow a wedding planner and their crew dealing with the fun and stress of putting on events. We [sic] would cast the weddings. We are pitching this to Bravo. If you need more info I can have our producer call you."

*(2) Opportunity for profit or loss*

This factor considers the alleged employee's opportunity for profit or loss depending on the employee's managerial skill. *Scantland*, 721 F.3d at 1316 (holding this factor weighed in favor of economic dependence where the employees' opportunity for profit or loss depended more upon the employer's provision of work than on the employees' managerial skills). "An individual's ability to earn more by being more technically proficient is unrelated to an individual's ability to earn or lose profit via his managerial skill, and it does not indicate that he operates his own business." *Id.* The record evidence shows that Plaintiff's work did not require her to exert managerial skill, especially not in a way that impacted her opportunity for profit or loss.

Rather, the Defendant provided tasks to the Plaintiff to be completed for a negotiated hourly rate of work, which was decided at the outset of the relationship. Plaintiff's remuneration was not negotiated or re-negotiated as to each project she completed. Additionally, Plaintiff's ability to earn extra income through her own initiative was limited, as the emails from Defendant provide precise tasks for her completion. These facts weigh in favor of finding Plaintiff was economically dependent much like the "usual path of an employee." *Scantland*, 721 F.3d at 1317.

Without providing any record evidence, the Defendant states that Plaintiff had another job at a restaurant and worked on other freelance projects while working for Defendant. The Court, however, does not find these unsupported statements tip this factor in favor of a finding that Plaintiff was an independent contractor. Rather, the Court finds this factor weighs in favor of finding that Plaintiff was economically dependent on Defendant much like the "usual path of an employee."

*(3) Investment in equipment or additional personnel required*

The third factor considers the alleged employee's investment in equipment or materials

required for work. *Id.*, 721 F.3d at 1317. Plaintiff's deposition testimony reveals that she used her computer at times to perform her mainly clerical tasks. Plaintiff's Depo. at 31. Although she tried to use Defendant's landline, Plaintiff testified that she used her personal cell phone to communicate in work-related matters and she was not reimbursed for those expenses. *Id.* During one of Defendant's absences, Defendant complained that she was unable to reach Plaintiff on her cell phone, and stated that Defendant would have made arrangements for payment of the cell phone bill, such as not to interrupt communication between Defendant and Plaintiff. *See* Exh. L, Plaintiff's Motion for Summary Judgment. That being said, there is no record evidence that Defendant routinely paid Plaintiff's cellular phone bill throughout her time working for Defendant. Coupled with Plaintiff's admission that she used her personal computer and cellular phone, these facts weigh against a finding that Plaintiff was economically dependent on Defendant, and acted like an independent contractor.

### *(4) Whether special skills are required*

The fourth factor considers whether the service required special skill. *Scantland*, 721 F.3d at 1318. Plaintiff had some prior experience in the film industry before working for Defendant and she spoke French, which aided Defendant's dealings at the Cannes Film Festival. Moreover, it does not appear that Defendant spent time training Plaintiff for her position. These facts weigh against a finding of economic dependence and in favor of independent contractor status. The Court, however, in evaluating the record evidence finds otherwise. The emails between Defendant and Plaintiff reveal that Plaintiff was engaged in mostly clerical tasks, operating the coffeemaker, sending out press releases, making copies, going to the post office, scheduling appointments, uploading information to a website, and the like. Plaintiff's Depo. at 35-36; Exh. H, Plaintiff's

Motion for Summary Judgment (Email from Celia Evans to Rym Zouai dated April 8, 2014). These tasks did not require a specialized skill set that Plaintiff brought to the table and appear to be much like the "usual path" of an employee. The Court finds that this factor weighs in favor of a finding that Plaintiff was economically dependent like an employee as there was no special skill set that was needed for her position.

### (5) Duration of the working relationship

The fifth factor considers the degree of permanency and duration of the working relationship. *Scantland*, 721 F.3d at 1318. Here, Plaintiff worked for Defendant for a short period of time totaling seven months. The brevity of Plaintiff's employment cuts against a finding that Plaintiff was economically dependent much like the "usual path" of an employee. In so finding, the Court does note that the Defendant's placement of Plaintiff on a three-month probationary period suggests that the working relationship was intended to be longer than Plaintiff's actual term. That alone, however, is insufficient to tip the balance as to this particular factor.

### (6) The extent to which the service is integral to the alleged employer's business.

The extent to which the task performed by the alleged employee was integral to the business of the employer is a factor indicating economic dependence. *Scantland*, 721 F.3d at 1319; *Harrell*, 992 F. Supp. at 1352. Put another way, when the business's continuation depends integrally upon the performance of certain work, the worker who performs that work is more likely to be considered an employee and not an independent contractor. Defendant's business is film production and Plaintiff did not seem to have an integral role in that regard. This factor cuts against a finding that plaintiff was an employee, but it does so only weakly as most businesses integrally require administrative staff handling clerical matters and making sure scheduling is done appropriately and

documents are transmitted successfully.

### 2. Weighing all the Factors

Taken in the light most favorable to the Defendant[3], the Court cannot find as a matter of law on Plaintiff's motion for summary judgment that Plaintiff was an employee. The first two factors, control and opportunity for profit, weigh strongly in favor of finding that Plaintiff was indeed an employee and the factor regarding specialized skills also lends support to that finding. However, the Plaintiff's use of her own computer and cellular phone, the brevity of her employment, and her role not being integral favor the Defendant's position that Plaintiff was an independent contractor. Accordingly, the Court finds there are material issues of fact as to whether the Plaintiff was indeed Defendant's employee and the Court denies summary judgment on this issue.

### B. Individual Coverage under FLSA

FLSA requires a plaintiff to show either individual or enterprise coverage. 29 U.S.C. § 207(a)(1). Plaintiff's motion requests the Court find individual coverage. For individual coverage, a plaintiff must show she was either engaged in commerce or engaged in the production of goods for commerce. *Mendoza v. Discount C.V. Joint Rack & Pinion*, No. 13-24081-CIV, 2015 WL 1810596, at 2 (S.D. Fla. April 21, 2015) (citing *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264 (11th Cir. 2006)). The burden of proof lies on the employees to establish that they were engaged in interstate commerce, or in the production of goods, and that such production was for interstate commerce. *Id.*

The test to determine whether an employee is engaged in commerce "is not whether the

---

[3] While the Court can accept the Plaintiff's uncontroverted statement of facts as undisputed based on the Defendant's failure to comply with Local Rule 56.1, those facts must actually support the movant's legal position.

employee's activities affect or indirectly relate to interstate commerce but whether they are actually in or so closely related to the movement of the commerce as to be a part of it." *Id.* (quoting *McLeod v. Threlkeld,* 319 U.S. 491, 497 (1943)). In the Eleventh Circuit, to be covered under the FLSA, Plaintiff must be "directly participating in the actual movement of persons or things in interstate commerce." *Id.* (quoting *Thorne,* 448 F.3d at 1266). That participation must be "a substantial part of [Plaintiff's] work" in order for an FLSA plaintiff to successfully invoke individual coverage. *Id.* (quoting *Walling v. Jacksonville Paper Co.,* 317 U.S. 564, 572 (1943)) (holding that individual coverage is established "[i]f a substantial part of an employee's activities related to goods whose movement in the channels of interstate commerce was established by the test we have described, he is covered by the [FLSA]"). Under the FLSA, "commerce" is defined as trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof. 29 U.S.C. § 203(b).

Plaintiff attaches a press release in support of her motion that describes Defendant's business as one that films around the United States as well as internationally. *See* Exh. M, Plaintiff's Motion for Summary Judgment; Plaintiff's Depo. at 24- 26 (testifying that Defendant had dealings in California, New York, Hawaii and New Hampshire). Defendant also directed Plaintiff to call contacts at the Cannes Film Festival regarding Defendant's film. *See* Exh. N, Plaintiff's Motion for Summary Judgment. Although this record evidence firmly establishes Defendant's business was engaged in interstate and international commerce, the Court finds there is an issue of fact as to whether Plaintiff's participation in interstate commerce constituted a "substantial part" of Plaintiff's work. Accordingly, the Court denies Plaintiff's motion for summary judgment seeking the Court find individual coverage under FLSA. Having found an issue of fact as to whether the Plaintiff is

covered by FLSA, the Court need not reach the issue of whether Plaintiff is entitled to overtime compensation under the act.

DONE AND ORDERED in Chambers at Miami, Florida, this 11 day of August, 2015.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record